**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| PUTU, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>LIPPMANN ENTERPRISES, LLC,<br><br>Defendant. | Case No.:<br><br>Judge:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Putu, LLC ("Putu") as and for its complaint against Defendant Lippmann Enterprises, LLC, ("Lippmann") alleges the following:

## NATURE OF THE ACTION

1. This is a suit for copyright infringement pursuant to 17 U.S.C. § 501.

2. Defendant Lippmann infringed Plaintiff Putu's copyrighted artwork by reproducing the artwork on its Silhouette Accessory Pouch, and in advertising and marketing for its products, in violation of 15 U.S.C. § 501.

3. In addition to infringing Putu's copyrighted artwork, Defendant Lippmann traded on Plaintiff Putu's distinctive trade dress that it uses in connection with its specialty hand bags, including, clutches, purses, cosmetic bags, travel bags, wallets, wristlets, and other bags and accessory items (hereinafter "LOLO® Products") by reproducing every critical aspect of Putu's trade dress in its Silhouette Accessory Pouch.

4. The aesthetic design of Lippmann's Silhouette Accessory Pouch is so similar, indeed virtually identical, that it is apparent Lippmann copied Putu's copyrighted artwork and trade dress wholesale, in bad faith, maliciously and willfully.

5. Plaintiff has been harmed by Defendant's willful and malicious conduct, and seeks injunctive and monetary relief from this Court.

## PARTIES

6. Putu LLC is a limited liability company organized and existing under the laws of Delaware with its principal place of business at 11 Forest Street, New Canaan, CT, 06480.

7. Lippmann Enterprises, LLC, is a limited liability company organized and existing under the laws of Delaware with its principal place of business located at 247 W. 30th St. Suite 12A, New York, New York 10001.

## JURISDICTION AND VENUE

8. This action is for copyright Infringement pursuant to 17 U.S.C. § 501.

9. This Court has original and exclusive jurisdiction over this matter under 28 U.S.C. § 1338 because it arises under the Copyright Act, 17 U.S.C. § 501, et seq.

10. Alternatively, this Court has jurisdiction over this matter in controversy because the parties are citizens of different states and the amount in controversy is in excess of $75,000 exclusive of interest and costs, pursuant to 28 U.S.C. § 1332.

11. This Court has personal jurisdiction over the Defendant because, upon information and belief, Defendant does business in Connecticut, has done relevant business with Plaintiff in this district, and its acts within or directed towards Connecticut have caused injury to Plaintiff, a resident of this district, as alleged herein. Defendant contracted with Plaintiff in Connecticut for goods relevant to this lawsuit and Defendant should therefore anticipate being haled into court in this state and District.

12. Venue is proper in this District pursuant to 28 U.S.C. §1391 (b) and (c) because a substantial part of the events or acts giving rise to the claim occurred in this District, a substantial

part of the property that is the subject of the action is situated in this District and Plaintiff resides in this District.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

### A. Putu's Products and the LOLO® Trade Dress and Copyrights.

13. Plaintiff is the owner and manufacturer of LOLO® Products, including specialty hand bags, clutches, purses, cosmetic bags, travel bags, wallets, wristlets and other bags and personal accessory items.

14. Plaintiff owns U.S. Trademark Registration No. 4252940 for LOLO, which issued December 4, 2012. A copy of the certificate of this registration is attached as Exhibit A.

15. Plaintiff's LOLO® Products are sold through a wide variety of channels, including but not limited to Plaintiff's independent stores in Connecticut and Rhode Island, as well as in more than 2000 retail partners including boutiques, hotels and department stores in the U.S., Caribbean, and Canada, such as Nordstrom, Bloomingdales, Ritz-Carlton, Clyde's On Madison, Olive and Bettes, Stanley Korshak, and Monograms Off Madison, as well as through Putu's website www.LOLObag.com.

16. The LOLO® Brand is known for its distinctive and creative silhouette design used in connection with its brightly colored vinyl products. One of LOLO® Brand's signature products is the "Betty Bag." *See* the accompanying photos for examples of the LOLO® Brand Betty Bag and additional photographs in Exhibit B.

**Examples of Plaintiff's LOLO® Brand Small Betty Bag**



17. LOLO® Products have several non-functional, inherently distinctive features, including, as seen in the photographs below, the following key elements: silhouette image vinyl appliqués visibly stitched on to the surface of a product; interior bag construction featuring interior seams and pockets trimmed with fabric or PVC; interior tag placement on the backside of the left seam; gold colored engraved zipper pulls; rounded and tucked outer seams; embossed trademark on backside of the product (hereinafter "LOLO® Trade Dress" and/or "Trade Dress").




18. Plaintiff's designers create original artwork for use as appliqué designs on LOLO® Products, which Plaintiff actively protects through copyright and registers these copyrighted designs with the U.S. Copyright Office ("Copyrighted Images").

19. As a result of Plaintiff's substantial effort and the success of Plaintiff's products under the LOLO® Trade Dress featuring its designers' original artwork, Plaintiff's LOLO® Trade Dress, used across over 1,000 products, has become instantly recognizable to the relevant consuming public as a symbol exclusively differentiating Plaintiff from the rest of the market and signaling the high quality of its products.

20. The LOLO® Trade Dress and Plaintiff's original copyrighted images are tremendously valuable and are the core assets of Plaintiff.

**B. Putu's Creation of Custom Artwork for Lippmann**

21. In addition to its wholesale and retail sales, Putu also contracts with customers on a wholesale basis to create custom LOLO® Products featuring the LOLO® Trade Dress and

one of a kind silhouette appliqué designs.

22. In October 2014, Lippmann commissioned a custom LOLO® Product and Putu's in-house designer created an original silhouette design featuring three nail polish bottles ("Putu Nail Polish Artwork"). Lippmann ordered a number of Betty Cases featuring the Putu Nail Polish Artwork. *See* accompanying photo of the Light Blue Betty Case featuring the Putu Nail Polish Artwork and Exhibit C attached hereto for a copy of the invoice.

| **Putu Designed Light Blue Betty Case featuring the Putu Nail Polish Artwork** |
|---|
|  |



23. In November 2015, Lippmann re-ordered additional quantities of custom Small Betty Cases featuring the Putu Nail Polish Artwork. *See* accompanying photo of the Red Betty Case featuring the Putu Nail Polish Artwork and Exhibit D attached hereto for a copy of the invoice.

**Putu Designed Red Betty Case featuring the Putu Nail Polish Artwork**




24. In 2016, Lippmann contacted Putu to inquire about re-ordering additional quantities of custom Small Betty Cases featuring the Putu Nail Polish Artwork. The Parties exchanged emails, but Lippmann did not place another order.

**C. Lippmann's Copying of the LOLO® Products**

25. Lippmann is the manufacturer and owner of the Deborah Lippmann Brand of nail lacquers and treatments for nails, hands and feet named after well-known celebrity and fashion manicurist Deborah Lippmann.

26. Lippmann's Deborah Lippmann Brand has designed nail polishes for famous celebrities including, Lady Gaga, Scarlett Johansson, and Kim Kardashian.

27. In addition to distribution in retail stores such as Nordstrom, Neiman Marcus, and Bloomingdales, Lippmann also sells merchandise through its website www.deborahlippmann.com.

28. In November 2016, Plaintiff discovered Lippmann's unauthorized use of Putu intellectual property, including a replication of Putu's custom Small Betty Cases featuring the Putu Nail Polish Artwork. Instead of re-ordering the bags from Plaintiff, Lippmann infringed Plaintiff's copyright in the artwork and design, and copied the Small Betty Case almost exactly. Lippmann importated, distributed, sold, and offered for sale its "Silhouette Accessory Pouch",

which uses an exact duplication of the Putu Nail Polish Artwork. The Silhouette Accessory Pouch was sold individually on www.deborahlippmann.com and as part of a "Come Fly With Me" gift set through various retailers, including Nordstrom, Bloomingdales, Neiman Marcus, HSN, Barneys New York, Jet.com and Amazon.com ("Infringing Product"). Furthermore, the Putu Nail Polish Artwork was used separately by Lippmann in advertising and marketing, promoting the sale Lippmann brand goods.

| **Come Fly With Me Manicure Kit featuring the Silhouette Accessory Pouch** |
|---|
|  |
| **Close up image of the Silhouette Accessory Pouch** |
|  |

29. The Putu Nail Polish Artwork which is reproduced on the "Silhouette Accessory Pouch" was originally created by Putu for Lippmann in conjunction with the commissioning of custom made LOLO® bags for Lippmann in October 2014.

30. Plaintiff is the owner of the entire right, title, and interest in the Putu Nail Polish Artwork and, accordingly, Plaintiff filed an application for copyright registration for the Putu Nail Polish Artwork with the United States Copyright Office on December 6, 2016 (Application No. 1-4257666312). *See* Exhibit E for the Copyright Registration Application.

31. The parties did not have any form of agreement that the Putu Nail Polish Artwork created for the collaboration would belong to Lippmann after the initial round of bags commissioned in 2014, and Putu, as the author, is the owner of the Putu Nail Polish Artwork.

32. Additionally, Putu never consented to a license of the Putu Nail Polish Artwork in these designs to Lippmann and any use by Lippmann is unauthorized and in violation of Putu's rights.

33. Instead of contracting with Putu for additional quantities of the bags bearing the Putu Nail Polish Artwork, Lippmann contracted with an overseas vendor to have the Infringing Product bearing the Putu Nail Polish Artwork, and LOLO® Brand trade dress replicated at a cheaper price. The Infringing Product is an obvious knockoff copy of the LOLO® Brand, specifically the LOLO® Brand Betty Cosmetics Bag, and a blatant copying of the Putu Nail Polish Artwork.

34. For its Infringing Product, Lippmann copied the entirety of the copyrighted Putu Nail Polish Artwork, not only the individual artwork of each bottle, but also the selection, coordination, and arrangement of the composite image to create a depth of field.

35. In addition to unauthorized reproduction of the Putu Nail Polish Artwork, the

Infringing Product is identical in aesthetic design to the LOLO® Trade Dress, using very specific elements of the LOLO® Brand trade dress such as the replication of the LOLO® Brand distinctive silhouette image vinyl appliqués visibly stitched on to the surface of a contrasting colored product, rounded and tucked seams, vinyl lip cover on the zipper box and zipper pull size, shape, and placement. Lippmann willfully and maliciously infringed Plaintiff's copyright.

36. Upon information and belief, Lippmann instructed its contract manufacturers to copy the LOLO® Brand Betty Cosmetics Bag and Plaintiff's copyrighted artwork by using samples of Plaintiff's products, and the copies are virtually identical. Detailed photos appear in Exhibit F. Side by side images of the bags appear below.

| **LOLO® Betty Bag** | **Lippmann Infringing Bag** |
|---|---|
|  |  |
|  |  |

37. The Infringing Product was introduced for sale by Defendant at retail stores and various ecommerce and online shopping channels. Deborah Lippmann herself appeared on a segment with the Home Shopping Network to sell the "Come Fly With Me" gift set featuring the Infringing Product. *See* Exhibit G attached hereto for copies of the various listings of the Infringing Product.

38. In addition to having an unauthorized accessories vendor slavishly copy LOLO® Brand property, including the copyrighted artwork, Lippmann used the Putu Nail Polish Artwork in various social media marketing and online advertising campaigns for the Lippmann Brand generally. *See* the accompanying examples and attached hereto as Exhibit H.

**Mobile Screen Shots from Facebook Application of Deborah Lippmann Sponsored Posts**






| Deborah Lippmann Online Advertising |
|---|
|   |

39. Defendant's continued use intellectual property owned by Plaintiff on and in connection with a competing product sold through identical channels of trade - indeed, at the same retailers – has caused and will cause irreparable harm to Plaintiff. Purchasers and potential purchasers will assume that the goods sold by Defendant emanate from or are authorized by, licensed by, endorsed by, associated with, or otherwise connected with Plaintiff and/or Plaintiff's products.

40. Defendant's reproduction and sale of the Infringing Product bearing the Putu Nail Polish Artwork unfairly and unlawfully wrests from Plaintiff control over its reputation.

41. Under these circumstances, Putu and the LOLO® Brand's reputation is at risk because it has no ability to control the efficacy or quality of the Infringing Product offered by Lippmann.

42. Putu never consented directly or indirectly to Lippmann's use of the Putu Nail Polish Artwork in which Putu owns all copyright rights.

43. Putu never consented directly or indirectly to Lippmann's reproduction and

distribution of Putu's copyrighted works nor has Putu consented to Lippmann's creation of any derivative works thereof.

44. Plaintiff has suffered damages due to Defendant's willful and malicious infringement of the copyright in Plaintiff's Putu Nail Polish Artwork.

45. Lippmann's unauthorized use of LOLO® Brand property constitutes willful and intentional copyright infringement.

46. Plaintiff has suffered damages due to Defendant's infringement, including lost sales.

47. Defendant has unjustly profited from its infringement of the Nail Polish Artwork, through direct sales of the Infringing Product, the Silhouette Accessory Pouch bearing the infringing artwork, and sales of Lippmann Brand products generally as a result of marketing and online advertising campaigns using the Putu Nail Polish Artwork.

**COUNT I**
**DIRECT COPYRIGHT INFRINGEMENT**
**PURSUANT TO 17 U.S.C. § 501(a)**

48. Plaintiff repeats and realleges each of the allegations contained in Paragraphs 1 through 48 as if fully set forth herein.

49. Plaintiff has applied for copyright registration with the U.S. Copyright Office for the Putu Nail Polish Artwork. *See* Exh. E.

50. Without authorization from the Plaintiff, or right under law, Defendant: 1) unlawfully reproduced Plaintiff's Putu Nail Polish Artwork in the knock-off Infringing Product featuring the Putu Nail Polish Artwork for commercial purposes, 2) sold unauthorized copies of Plaintiff's Putu Nail Polish Artwork in violation of the Copyright Act, 17 U.S.C. § 106; and 3) unlawfully reproduced Plaintiff's Putu Nail Polish Artwork in online advertising for products

under Defendant's brand.

51. The Infringing Product is sold via Defendant's wholesale trade channels and its e-commerce website. Defendant reproduced Plaintiff's Putu Nail Polish Artwork for sale in its wholesale trade channels. Defendant is actively involved in creating the supply of the Infringing Product, making that merchandise broadly available to the public, and selling the Infringing Product to the public. Defendant further exercises active control over the distribution process, regulating the availability of products in its trade channels and determining which products to sell. For these reasons, among others, Defendant engages in active conduct in unlawfully distributing reproductions of Plaintiff's Putu Nail Polish Artwork to the public.

52. The foregoing acts of infringement by the Defendant have been willful, intentional and purposeful, in disregard of and indifference to Plaintiff's rights.

53. As a direct and proximate result of Defendant's willful, intentional, purposeful and joint infringement of Plaintiff's copyright, Plaintiff is entitled to damages.

54. Defendant should also be permanently enjoined from advertising, selling and profiting from Plaintiff's Putu Nail Polish Artwork.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against the Defendant that:

A. Pursuant to 17 U.S.C. § 502 and the equity jurisdiction of this Court, Defendant and its officers, agents, employees, representatives, and all persons in privity therewith be preliminarily and permanently enjoined and restrained from using any copies of, and any and all goods containing copies of, any designs that are identical or colorably imitative of the Putu Nail Polish Artwork, on or in connection with the importation, sale, offering for sale, distribution,

exhibition, display, or advertising of its goods and services.

B. Pursuant to 17 U.S.C. § 503 and the equity jurisdiction of this Court, Defendant and its officers, agents, employees, representatives, and all persons in privity therewith be directed to turn over to this Court any plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies of the Putu Nail Polish Artwork may be reproduced, including all computer or other electronic files.

C. Pursuant to 17 U.S.C. § 504 and the equity jurisdiction of this Court, Defendant and its officers, agents, employees, representatives, and all persons in privity therewith be directed to turn over to this Court all records documenting the manufacture, sale, or receipt of things involved in violating Plaintiff's copyrights in the Putu Nail Polish Artwork.

D. Defendant be directed to pay over to Plaintiff any and all damages, including punitive damages, which it has sustained by consequence of Defendant's Copyright Infringement.

E. Defendant be directed to pay over to Plaintiff any and all pre-judgment and post-judgment interest on each award for damages.

F. Due to the willful and malicious nature of Defendant's actions, the amount of actual damages be enhanced.

G. Awards Plaintiff's costs and reasonable attorneys' fees for this action.

H. Pursuant to 17 U.S.C. § 412, § 504, and § 505, at the election of Plaintiff if it shall so be entitled, Defendant be directed to pay all statutory damages, attorney's fees and any enhanced award due to Defendant's willful infringement.

I. Any other relief that this Court deems just and equitable.

**JURY TRIAL DEMANDED**

Plaintiff Putu requests a jury trial on all claims.

Respectfully submitted,

By: /Matthew C. Wagner/

Matthew C. Wagner (ct25926)
Jane C. Christie (ct29636)
Diserio Martin O'Connor & Castiglioni LLP
One Atlantic Street
Stamford CT 06901
Tel. 203-358-0800
Fax 203-348-2321
mwagner@dmoc.com
jchristie@dmoc.com
*Attorneys for Plaintiff*

Dated: April 25, 2017
Enc.: Exhibits A – H